UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEENAN FISHER,

          Plaintiff,

   -v-

INTERSTATE TASK FORCE ON
ILLEGAL GUNS, et al.,

          Defendants.

ORDER

6:26-CV-06758-CJS

---

On July 27, 2026, the United States District Court for the Southern District of Mississippi transferred this action here, after recognizing that the case was largely duplicative of a case Plaintiff had previously filed in this Court, 6:22-CV-6440 CJS, *Fisher v. ATF, et al.*, which this Court dismissed with prejudice on December 16, 2025, due to Plaintiff's failure to prosecute the action and to follow the Court's orders.[1]

It appears that rather than appealing this Court's dismissal, which would have been the appropriate way to proceed,[2] Plaintiff refiled essentially the same action in Mississippi, where he now resides. Indeed, the Mississippi District Court interpreted Plaintiff's filing

---

[1] Pursuant to the Western District's usual procedures, the case was assigned to the undersigned, since it is clearly related to the prior action.

[2] Fisher's time for taking such an appeal has now long passed, and, in any event, the Court has little doubt that its exercise of discretion in dismissing the action would be upheld by the Second Circuit, given the number of opportunities that the Court gave Plaintiff to proceed with the action. *See, e.g., Curry-Malcolm v. Rochester City Sch. Dist.*, No. 24-2838, 2026 WL 925232, at *2 (2d Cir. Apr. 6, 2026) ("[W]e review Rule 41(b) dismissals for an abuse of discretion in light of the record as a whole.") (citation and internal quotation marks omitted).

there as an improper attempt to amend, and continue with, the Complaint that he had filed in this Court, as if this Court's dismissal had never happened:

> The opening paragraph of Fisher's complaint references Federal Rule of Civil Procedure 15(a)(2) and admits that the case "present[s] the same operative facts & bulk of accusations against . . . [D]efendants first presented by [his] 10/14/22 RICO/civil rights complaint 22-cv-6440." Compl. [1] at 1. Fisher is referring to a 2022 case he filed in the Western District of New York against some of the same Defendants sued here, and his citation to Rule 15(a)(2) suggests he wishes to effectively amend the complaint in that case by filing a new lawsuit here. *See Fisher v. Bureau of Alcohol Tobacco & Firearms*, No. 6:22-CV-6440 (W.D.N.Y. filed Oct. 14, 2022).

Report and Recommendation of the Hon. Andrew S. Harris, United States Magistrate Judge, United States District Court for the Southern District of Mississippi, dated July 2, 2026 at p. 1 (footnote omitted); *see also, id.* at p. 5 ("[G]iven Fisher's attempt to litigate some or all of these same claims in an earlier case in the Western District of New York, that court has a particular interest in seeing its orders in the earlier case are not undermined by litigation in another court.").

Consequently, it appears that the bulk of Plaintiff's "new" complaint is subject to dismissal insofar as it merely re-asserts claims that were already dismissed by this Court, or mere variations of those claims, or claims that could have been raised in the earlier action.[3]  Some or all of the claims may also be time-barred at this point.  It further appears that certain claims may be subject to transfer to a different court, insofar as, for example, they involve defendants located in the Northern District of New York and events that occurred there.[4]

---

[3] Prior to the dismissal of the action for failure to prosecute, this Court had already dismissed most of Plaintiff's claims for failure to state a claim.

[4] The Complaint references Plaintiff's prosecution for criminal offenses in Onondaga County, New York, which is located in the Northern District of New York. *See, e.g.*, Complaint ¶ ¶ 6, 17, 50, 55, 86.

2

As a preliminary matter, however, Plaintiff has not paid the filing fee, but has instead filed a motion for leave to proceed *in forma pauperis*. ECF Nos 2, 6. However, that application is denied, for several reasons. First, in the now-closed action that Plaintiff attempted to revive in Mississippi, this Court already denied Plaintiff leave to proceed *in forma pauperis*. Indeed, the Court took the unusual step of revoking Plaintiff's previously-granted IFP status in that case for reasons that need not be repeated here. *See*, 6:22-CV-6440 CJS, ECF Nos. 8 & 13. Since the instant case largely mirrors the prior action, the Court considers that prior ruling to be law of the case. Plaintiff should not be permitted to force the Court to revisit that question by engaging in the type of repetitive filing and forum shopping that led to the case being transferred here.

Second, the Court does not find the financial affidavits Plaintiff submitted in the instant action persuasive, since the situation described therein simply makes no sense. In particular, Plaintiff asserts that since May 2024, he has lived in Mississippi in a camper without running water owned by his estranged father, and worked at a business (an online firearms retailer) also owned by his father, for no pay whatsoever, while being unable to afford food.[5] More specifically, he contends that his compensation from such business is "deferred" until such time as he can retrieve and sell firearms that he claims were illegally seized from him by the police in New York in or about 2022. Notably, though, Plaintiff provides no reason to think that the return of the firearms will occur at all, let alone that it will occur imminently. Neither does Plaintiff provide any documentation, such as financial

---

[5] See, Complaint, ECF No. 1 at ¶ 138 (Alleging that Plaintiff cannot afford groceries). Yet, Plaintiff states that he pays "$58.00 monthly" for concealed firearm carry insurance, ECF No. 2 at p. 2, and $40 per month for "nicotine." ECF No. 6 at p. 5.

records from the online firearms business or from his father, to substantiate the existence of this odd alleged arrangement with his father.

Third, even if truthful, the financial affidavits do not show a true inability to pay the filing fee. Rather, they show that plaintiff inadvisedly chooses to continue working at a job at which he claims he is not being paid, rather than obtaining gainful employment. *See, e.g., Talley v. City of Durant, Mississippi*, No. 3:24-CV-367-TSL-RPM, 2026 WL 1392572, at *2–3 (S.D. Miss. May 1, 2026) ("Plaintiff's IFP status should be revoked because he admittedly is able to work, but he simply chooses not to. When considering whether to grant IFP status, a court may evaluate a movant's skills and ability to earn an income. [(collecting cases)]  . . .  Given Plaintiff's education, skills, and activities, it is apparent that any allegation of poverty is a choice that he is capable of remedying."), report and recommendation adopted sub nom. *Talley v. City of Durant*, No. 3:24-CV-367-TSL-RPM, 2026 WL 1390625 (S.D. Miss. May 18, 2026).

For these various reasons the Court finds that Plaintiff has made an insufficient showing of poverty.[6] Plaintiff's application to proceed *in forma pauperis* is therefore denied, and this action will be administratively closed, subject to being reopened if Plaintiff pays the filing fee. Plaintiff is forewarned, however, that even if he pays the filing fee, this action will likely be dismissed, either in whole or in part, for the reasons discussed above.

Accordingly, it is hereby

ORDERED, that Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 2 & 6) is denied, and the Clerk is directed to administratively close the action. The action will

---

[6] *See, Hollingshead v. Pelkey*, No. 6:24-CV-06507 EAW, 2024 WL 4333349, at *1 (W.D.N.Y. Sept. 27, 2024) ("To establish her entitlement to proceed *in forma pauperis*, Plaintiff bears the burden of establishing her indigence.") (citation omitted).

4

remain closed unless Plaintiff pays the filing fee within **thirty (30) days** of the date of this Order. The Court hereby certifies in advance that any appeal of this Decision Order would not be taken in good faith, and leave to appeal *in forma pauperis* is denied.

SO ORDERED.

Dated: July 29, 2026  
        Rochester, NY

CHARLES J. SIRAGUSA  
United States District Judge